[No. G035299. Fourth Dist., Div. Three. Sept. 30, 2005.]

MANDEEP BEHNIWAL et al., Petitioner, v.
THE SUPERIOR COURT OF ORANGE COUNTY, Respondent;
GENE C. MIX et al., Real Parties in Interest

COUNSEL

Law Offices of Barry A. Ross and Barry A. Ross for Petitioner.

No appearance for Respondent.

Law Offices of Michael G. York and Michael G. York for Real Parties in Interest.

OPINION

SILLS, P. J.—This writ proceeding (G035299) is closely related to an appeal (*Behniwal v. Mix* (2005) 133 Cal.App.4th 1027 [35 Cal.Rptr.3d 320]), in that both substantively challenge the trial court's ruling that the prospective buyers of an Irvine condo never actually obtained a contract for its sale. The procedural aim of this writ proceeding is to preserve the status quo pending completion of the appeal, essentially by keeping a notice of lis pendens on the property, unexpunged. In more specific terms this writ proceeding seeks an order requiring the trial court to vacate an order *expunging* the notice of lis pendens, or, alternatively, seeks a writ of supersedeas staying the order expunging the notice of lis pendens.

The irony is, it was this court that originally ordered the trial court to expunge the lis pendens, in our published decision, *Mix v. Superior Court* (2004) 124 Cal.App.4th 987 [21 Cal.Rptr.3d 826]. Here is the story: The trial court originally *refused* to expunge the notice of lis pendens, and that decision was challenged by the "sellers," real parties Gene C. and Jo Anne Mix. But the standard the trial court used to determine whether to expunge the notice of lis pendens was incorrect (it had been superseded by reform legislation in 1992), and this court took the opportunity in *Mix v. Superior Court* to set things straight. Using the correct standard prescribed by the Legislature in 1992 (the "probable validity" standard from the *perspective of the trial judge*—see *id.* at p. 995) meant that the trial court was required to expunge the notice of lis pendens *unless* the court was willing to prophecy its own reversal (see *id.* at p. 996). And since nothing in the record indicated that the trial court was willing to state on the record that it was probably going to be reversed on appeal, we issued a peremptory writ commanding the trial court to grant the motion to expunge the lis pendens.

But in the process, under the subheading "Harsh Results Can Be Tempered," we also noted that while trial courts are understandably reluctant to forecast their own reversals, appellate courts are not similarly situated vis-à-vis trial court rulings. And so we practically invited the losing "buyers" (petitioners Mandeep and Amandeep Behniwal) to bring this writ proceeding: "Because this case is the first to explicitly apply the post-1992 standard to

claimants who lost at the trial level, we shall now take pains to specify that this opinion is without prejudice to the Buyers to bring their own petition for a writ of mandate and rule 56(c) application for a *stay* of the order expunging the lis pendens that we now direct the court, on the Sellers' petition now before us, to enter." (*Mix v. Superior Court, supra*, 124 Cal.App.4th at p. 997.)

We now evaluate the buyers' response to our invitation, having stayed all proceedings in the trial court—in effect staying our own order to expunge the lis pendens.

This court has also expedited the underlying appeal (*Behniwal v. Mix, supra*, 133 Cal.App.4th 1027), which has allowed us the opportunity to consider the merits in tandem with this writ proceeding. In fact, we issue our opinion in that matter simultaneously with our opinion here, and it turns out the buyers Behniwal do indeed prevail. Thus, by deciding both matters at the same time, we are spared the task of gauging just how "probably valid" the Behniwals' real property claim is. As far as we are concerned, it is not just "probably" valid, it is *definitely* valid.

Now, we might, having so concluded, deny this writ proceeding as moot, given the stay that has already been placed on further trial court proceedings. Except for one thing. The world does not end with the intermediate appellate courts. The Supreme Court may yet decide to review this case and come to a different conclusion. However, just as we would presume that trial courts are not particularly inclined to forecast their own reversals, neither are we inclined to forecast ours. None of the factors noted in *Mix* which might prompt a lower court to conclude that its own decision would be reversed by a higher court (mainly, being required to follow a precedent of a higher court otherwise ripe for overturning) is present here. This is not a case where we are reluctantly following binding precedent which should be overturned by the Supreme Court.

██ The Behniwals are thus entitled to maintain a lis pendens on the property until completion of proceedings or until the Supreme Court directs otherwise. For the moment at least, the Behniwals have *at least* a "probably valid" real property claim. Therefore, let a peremptory writ of mandate issue directing the superior court to vacate the order we directed that it enter expunging the lis pendens. In light of that directive, there is no reason to maintain the stay of trial court proceedings currently in effect, and accordingly, we discharge that stay. (In fact, we would have to discharge the stay because in the companion appeal in which we reverse the judgment refusing to grant specific performance, we note that future attorney fee proceedings are anticipated.)

Any recoverable appellate costs arising out of this writ proceeding should be recovered by the Behniwals.

Rylaarsdam, J., and Ikola, J., concurred.